*48 Vroom.*        Stetson v. Baltimore & N. Y. Ry. Co.

.J. EGBERT STETSON v. BALTIMORE AND NEW YORK RAIL-
WAY COMPANY.

Argued June 5, 1908—Decided November 9, 1908.

The plaintiff at midnight drove his horse and covered wagon upon
defendant's track and was injured under circumstances from
which it must be inferred that he could have seen and heard the
train had he performed his legal duty. *Held*, that his negative
testimony that he looked and listened but did not see or hear the
approaching train, will not support a verdict in his favor, when
it is apparent, in view of the great weight of the testimony and
the circumstances, that if he had done so he must have seen and
heard the train.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-
ARD and MINTURN.

For the plaintiff, *John A. Bernhard.*

For the defendant, *Edward Q. & George M. Keasbey.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff, about midnight upon a stormy
night, drove his horse and covered wagon upon defendant's
track where it crossed St. George avenue, between the cities of
Elizabeth and Rahway. The railroad consisted of a single
track laid in the centre of defendant's right of way. The
crossing was fully exposed to view by the light from an elec-
tric lamp in the immediate vicinity, and a warning or sign
post, to indicate the crossing, was erected nearby. The track
was straight and was visible in the direction from which the
train came for a distance of three-quarters of a mile from the
crossing, the only obstruction to the view at all near the cross-
ing being a growth of underbrush or bushes, which was located
about forty feet from the track in the direction from which the
plaintiff came.

The plaintiff testifies that he pulled up his horse and looked and listened before entering on the crossing, and seeing no light and hearing no bell or whistle, drove on and was struck, as it appears, by one of the defendant's freight trains.  The plaintiff's story was more or less supported by Barnes, a colored man, who drove a horse and wagon a short distance behind the plaintiff, and by one Grother, who came up after the accident.

The entire train crew were called for the defendant and testified in support of the defendant's contention, that none of the alleged elements of negligence complained of by the plaintiff existed to cause this accident.  According to them, the headlight was lit as well as two classification lights upon the engine, and the whistle was blown sixteen hundred feet from the crossing, and the emergency whistle four hundred feet away; the bell was ringing continually.  The engine driver, the conductor and the engineer went to where the plaintiff was lying unconscious immediately after the accident, and heard Barnes, his witness, say to him, "Bert, Bert, I told you not to drive on." "I told him to look out; I said, 'Look out, Bert, because there is a train coming.'"

If the testimony of the train crew is to be believed, and no reason is apparent why it should not be, the defendant, upon the great weight of the evidence, failed to perform no duty imposed upon it by law.  If Barnes, who was driving behind the plaintiff, could warn him of an approaching train and caution him not to drive on, it is difficult to perceive upon what theory the plaintiff can excuse his rashness.

The verdict can be supported only upon the theory that the testimony of the defendant's witnesses must be false because of the plaintiff's inability to hear a whistle or a bell or to see a light, which indicated the approach of a train, which his own witness heard coming and cautioned him to avoid.  We may entirely leave out of consideration the fact that the personal safety of the train crew demanded that the headlight should be lit for the safe and intelligent operation of the train, and we are still confronted with the fact that if this plaintiff pulled up his horse and looked and listened before attempting

to cross, the noise incident to a moving heavy freight train must have been sufficiently audible to enable him to conclude that the train was approaching. The failure of the defendant, if it were conceded, to perform its statutory duty, will not excuse the plaintiff from performing the duty imposed upon him by law, and his failure in that respect is contributory negligence. *Pennsylvania Railroad Co.* v. *Righter,* 13 *Vroom* 180; *Farese* v. *North Jersey Street Railway Co.,* 47 *Id.* 457.

The great weight of the testimony, as well as the inherent improbability of the plaintiff's story under the conditions surrounding him, lead us to conclude that this rule should be made absolute.